IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11
                                        :
VERTIS HOLDINGS, INC., *et al.*,        :    Case No. 08-11460 (CSS)
                                        :
                                        :    (Jointly Administered)
        Debtors.                        :
                                        :    Re: Docket No. 11
------------------------------------------------------------x

## ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO PAY PREPETITION CLAIMS OF CERTAIN CREDITORS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion, dated July 15, 2008 (the "Motion"), of Vertis Holdings, Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),[1] for entry of an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code,[2] authorizing, but not directing the Debtors to pay certain prepetition creditors in the ordinary course of business, as is more fully set forth in the Motion, and upon the Stegenga Declaration and the FBG Affidavit; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

---

[1] The Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number, are Vertis Holdings (1556), Vertis, Inc. (8322), Webcraft, LLC (6725), Webcraft Chemicals, LLC (6726), Enteron Group, LLC (3909), Vertis Mailing, LLC (4084), and USA Direct, LLC (5311).

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proper notice of the Motion having been provided to the Notice Parties, and it appearing that no other or further notice need be provided; and this Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to pay in the ordinary course of business, the allowed, fixed, liquidated, noncontingent, and undisputed prepetition amounts owed to Prepetition Creditors on account of Payable Claims consistent with the terms of such obligations existing on the date of the commencement of these cases (the "Commencement Date"), *provided, however,* that as a condition to payment hereunder, such Prepetition Creditors continue to supply goods and services to the Debtors during the pendency of these cases on trade terms that are at least as favorable as those existing on the Commencement Date or on terms satisfactory to the Debtors in their business judgment; and it is further

ORDERED that in the event that a Prepetition Creditor does not maintain or reinstate trade terms at least as favorable as those existing on the Commencement Date during the pendency of these cases, or does not maintain trade terms agreed to by the Debtors, any payments made pursuant to this Order after the Commencement Date shall be, in the Debtors' sole discretion, either (i) deemed applied to postpetition amounts

payable to such Prepetition Creditor or (ii) recoverable by the Debtors as unauthorized postpetition transfers under section 549 of the Bankruptcy Code or other applicable bankruptcy or non-bankruptcy law; and it is further

ORDERED that during the pendency of these cases the Debtors are only authorized to pay those Payable Claims that become due and owing (without regard to any acceleration of payment arising as a result of the commencement of these chapter 11 cases); and it is further

ORDERED that the undisputed obligations of the Debtors for goods and services received by the Debtor after the Commencement Date shall be afforded administrative expense priority status pursuant to section 503(b) of the Bankruptcy Code and are not Payable Claims addressed by this Order; and it is further

ORDERED that nothing in this Order nor any action taken by the Debtors in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that nothing in this Order shall impair the ability of the Debtors or appropriate party in interest to contest any invoice of any creditor pursuant to applicable law or otherwise dispute, contest, setoff, or recoup any claim, or assert any rights, claims or defenses related thereto; and it is further

ORDERED that Bank of American and all applicable banks or financial institutions are authorized, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor and pay all checks drawn on or direct deposit and funds transfer instructions relating to the Debtors' accounts and any other transfers that are

related to Payable Claims and the costs and expenses incident thereto; *provided* that sufficient funds are available in the accounts to make such payments; *provided further* that any such bank or financial institution may rely on the representations of the Debtors regarding which checks that were drawn or instructions that were issued by the Debtors before the Commencement Date should be honored postpetition pursuant to an Order of this Court and that any such bank or financial institution shall not have any liability to any party for relying on the representations of the Debtors as provided herein; and it is further

ORDERED that Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are hereby waived; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: July 16, 2008
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE